UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MICHELLE A. BOERNER,**

       **Plaintiff,**                                Case No. 2:20-cv-5618
                                                      **JUDGE SARAH D. MORRISON**
      v.                                           **Magistrate Judge Norah McCann King**

**KILOLO KIJAKAZI,[1]**
**Acting Commissioner of Social Security,**

       **Defendant.**

**REPORT AND RECOMMENDATION**

This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), regarding the Commissioner's denial of Plaintiff's applications for Disability Insurance Benefits under Title II of the Social Security Act, and for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§ 401 *et seq*. For the reasons that follow, the Undersigned recommends that the Commissioner's decision be reversed and remanded for further consideration of Plaintiff's mental impairments.

**I.    PROCEDURAL HISTORY**

Plaintiff filed her applications for benefits on May 25, 2017, alleging that she has been disabled since August 31, 2015, as a result of both physical and mental impairments. R. 246-49, 250-54. The applications were denied initially and on reconsideration, and Plaintiff requested a *de novo* hearing before an Administrative Law Judge ("ALJ"). On August 26, 2019, Plaintiff,

---

[1] Kilolo Kijakazi, the Acting Commissioner of Social Security, is substituted as Defendant in her official capacity. *See* Fed. R. Civ. P. 25(d).

1

who was represented by counsel, testified at an administrative hearing, as did a vocational expert. R. 31–86. In a decision dated September 27, 2019, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act at any time between her alleged disability onset date and the date of that decision. R. 45–59. That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on August 27, 2020. R. 1–7.

## II. LEGAL STANDARDS

### A. Standard of Review

When reviewing a case under the Social Security Act, a court must affirm the Commissioner's decision if it is supported by substantial evidence and applied proper legal standards. *Tucker v. Comm'r of Soc. Sec.*, 775 F. App'x 220, 224-25 (6th Cir. 2019); *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). *See also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Substantial evidence is "more than a mere scintilla. It means— and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citations and quotation marks omitted).

Although the substantial evidence standard is "not high," *id.*, it is not meaningless. The reviewing court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there

2

is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

Following review of the entire record on appeal from a denial of benefits, a court can enter "a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

### B. Sequential Evaluation Process

The Social Security Act establishes a five-step sequential evaluation process for determining whether a plaintiff is disabled within the meaning of the statute. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, and the Commissioner bears the burden of proof at step five. *Baker v. Barnhart*, 182 F. App'x 497, 499 (6th Cir. 2006); *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999).

At step one, the ALJ determines whether the plaintiff is currently engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b). If so, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to step two.

At step two, the ALJ decides whether the plaintiff has a "severe impairment" or combination of impairments that "significantly limits [the plaintiff's] physical or mental ability to do basic work activities[.]" 20 C.F.R. §§ 404.1520(c), 416.920(c). If the plaintiff does not

have a severe impairment or combination of impairments, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to step three.

At step three, the ALJ decides whether the plaintiff's impairment or combination of impairments "meets" or "medically equals" the severity of an impairment in the Listing of Impairments ("Listing") found at 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, then the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least 12 months. *Id*. at §§ 404.1509, 416.909. Otherwise, the ALJ proceeds to step four.

At step four, the ALJ must determine the plaintiff's residual functional capacity ("RFC") and determine whether the plaintiff can perform past relevant work. 20 C.F.R. §§ 404.1520(e), (f), 416.920(e), (f). If the plaintiff can perform past relevant work, then the inquiry ends because the plaintiff is not disabled. If the plaintiff's RFC does not permit the performance of his past relevant work, the ALJ proceeds to the final step.

At step five, the ALJ must decide whether the plaintiff, considering the plaintiff's RFC and age, education, and work experience, can perform other jobs that exist in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(g), 416.920(g). If the ALJ determines that the plaintiff can do so, then the plaintiff is not disabled. Otherwise, the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least twelve months.

## III.   ALJ DECISION AND APPELLATE ISSUES

Plaintiff was 27 years old on her alleged disability onset date. R. 58. She meets the insured status requirements of the Social Security Act through December 31, 2021. R. 47. At

step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged disability onset date. *Id*.

At step two, the ALJ found that Plaintiff suffered from the following severe impairments: cervical radiculopathy, stenosis, disc herniation, osteoarthritis and degenerative disc disease, and cervical spondylosis with facet arthritis, obesity, major depressive disorder, panic disorder, and posttraumatic stress disorder. R. 48.

At step three, the ALJ found that Plaintiff did not suffer an impairment or combination of impairments that met or medically equaled the severity of any Listing. *Id*.

At step four, the ALJ found that Plaintiff had the RFC to perform light work subject to various additional limitations:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except occasionally climb ramps and stairs, never ladders, ropes, or scaffolds; occasionally stoop, kneel, crouch, and crawl; engage in occasional overhead lifting; never work at unprotected heights, around dangerous machinery, or operate a motor vehicle as part of job duties. Mentally, the claimant can perform simple routine tasks, but not at a fast production rate pace; no strict production quotas, able to occasionally interact with coworkers, but no tandem or shared tasks; occasionally interact with the public, but not in a customer service capacity; able to adapt to a routine work setting where a significant change in job duties would require explanation in advance in order to allow for adequate adjustment.

R. 50-51. The ALJ found that this RFC did not permit the performance of Plaintiff's past relevant work. R. 57. However, the ALJ also found that a significant number of jobs—*i.e.*, approximately 96,000 jobs as a mail clerk, approximately 42,000 jobs as a sorter, and approximately 300,000 jobs as a cleaner—could be performed by an individual with Plaintiff's vocational profile and RFC. R. 58. The ALJ therefore concluded that Plaintiff was not disabled within the meaning of the Social Security Act at any time from her alleged disability onset date

through the date of the decision. R. 59.

Plaintiff contends that the ALJ failed to properly evaluate the opinion evidence, resulting in an RFC that is not supported by substantial evidence. *Plaintiff Michelle A. Boerner's Statement of Specific Errors,* ECF No. 13. She asks that the decision of the Commissioner be reversed and remanded with directions for the granting of benefits or, alternatively, for further proceedings.*,* The Acting Commissioner takes the position that the decision should be affirmed in its entirety because the ALJ correctly applied the governing legal standards and considered the entire record, and because the administrative decision was supported by sufficient explanation and substantial evidence. *Defendant's Memorandum in Opposition,* ECF No. 14.

## IV. DISCUSSION

Plaintiff challenges only the ALJ's evaluation of the evidence relating to Plaintiff's mental impairments. The Court will therefore limit its review of the administrative decision to those matters.

### A. Relevant Evidence

The ALJ found that Plaintiff suffers from major depressive disorder, panic disorder, and posttraumatic stress disorder. R. 48. Plaintiff testified that she lives with her fiancé and five children. R. 77. She quit her last job because of back problems and nervousness: she does not "like being away from home," R. 82, and rarely leaves the house. R. 93–94. Anxiety interferes with her daily activities: "I get really on edge, I just can't, I guess tolerate it…. I get nervous…." R. 93. She relies on family to help around the house. *Id*. She has difficulty sleeping, flashbacks, and crying spells "[p]robably ten times a day…." R. 101-02.

6

At a May 2017 office visit with her family practitioner, Plaintiff reported that her depression was better, but that her anxiety was not. R. 520. She experiences daily panic attacks. Medication was prescribed, *id.*, and Plaintiff was encouraged to seek counseling. R. 522.

In August 2017, Michele Evans, Ph.D., performed a consultative psychological evaluation at the request of the state agency. Plaintiff reported that she had been emotionally abused by her mother and sexually abused as a child by a different relative. R. 508. She was also the victim of a home invasion. R. 510. She has undergone counseling and medication at various times, and was hospitalized briefly for depression. R. 509. She reported depression and anxiety, and panic attacks that occur almost daily. R. 510. Dr. Evans noted no signs of active psychosis or a formal thought disorder. *Id*. Plaintiff manifested no bizarre behavior or odd mannerisms, her speech was unremarkable, she was oriented, her insight was adequate, and her judgment was not markedly impaired. R. 511-12. Dr. Evans diagnosed major depressive disorder, recurrent and moderate, posttraumatic stress disorder, and panic disorder. R. 512. According to Dr. Evans, the fact that Plaintiff does not trust anyone because of her history of trauma "would be expected to have a negative impact on her ability to interact with coworkers, supervisors, and others." R. 513. She could understand, remember, and follow one-step instructions, but would have difficulty with complex instructions. *Id.* Difficulty with concentration "is associated with" Plaintiff's diagnosed disorders, and her decreased motivation, which is lowered by her depression, would make maintaining persistence more difficult. R. 514. In assessing Plaintiff's "abilities and limitations in dealing with normal pressures in a competitive work setting," Dr. Evans opined:

> The claimant's ability to respond appropriately to work pressures in a work setting would be affected by her mental health symptomatology. Her dealing with

7

>>stress and pressures by usually flipping out, crying, and hollering coupled with her mental health symptomatology and decreased motivation makes it unlikely that she would always be able to deal with stress and pressures effectively.

*Id.*

In August 2017, a state agency reviewing psychologist reviewed the record and opined that, from a mental standpoint, Plaintiff was either not significantly or moderately limited in her ability to engage in work-related functions. "[Claimant] retains the ability to perform in a routine work setting where significant changes in job duty can be explained in advance to allow for adequate adjustment." R. 147. In January 2018, a different state agency psychologist agreed with most of those opinions, although she concluded that Plaintiff was not significantly limited in the domain of understanding and memory. R. 81.

From December 2017 to December 2018, Plaintiff underwent treatment at Community Counseling Centers for diagnoses of severe major depressive disorder, recurrent, a generalized anxiety disorder, and posttraumatic stress disorder. R. 546-620.

In May 2019, Stephen Scott, D.O., provided a medical source statement in which he indicated that he began treatment of Plaintiff in February 2018. R. 950. According to Dr. Scott, Plaintiff is moderately impaired in her ability to engage from a mental standpoint in most work-related functions, but is markedly impaired in her ability to relate to the general public and maintain socially appropriate behavior. R. 948-50. "[Patient] can function independently, yet is limited by her psychiatric conditions when in social interactions." R. 948. Dr. Scott also indicated that Plaintiff's condition was "likely to deteriorate if he or she [sic] is placed under stress, particularly the stress of an 8 hour per day, 5 day per week job." R. 950.

8

At the administrative hearing, Plaintiff's counsel asked the vocational expert to assume a claimant with Plaintiff's vocational profile who

> would respond to even work pressures of unskilled work by crying, hollering, and reach the point where she would essentially be unlikely to deal with the stress and pressures effectively of getting to work, being at work, completing work, am I correct in assuming that that would also preclude work activity?

A    I would agree with that, yes.

Q    Competitive work activity?

A    Yes sir.

R. 109.

### B. Discussion

The ALJ found that the opinions of the state agency reviewing psychologists were "consistent with and well supported by the evidence as a whole…." R. 55. Dr. Evans' opinion, the ALJ found, "is persuasive to the extent that [it is] consistent with and supported by the evidentiary record in totality, and with the mental limitations established in the residual functional capacity above." R. 56. The ALJ found Dr. Scott's opinions "less persuasive," because his "own notes do not suggest such limitations, nor do treatment notes from other sources, who also noted the claimant to have appropriate mood, affect and behavior." *Id*.

In considering medical opinion evidence in connection with applications filed, as in this case, after March 27, 2017, an ALJ must consider all such opinions and evaluate those opinions without according "any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative finding(s) including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a); 416.920c(a). Instead, an ALJ must consider the following

9

factors when evaluating medical opinions or administrative findings: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program s policies and evidentiary requirements." §§ 404.1520c(c)(1)–(5); 416.920c(c)(1)–(5). Of these factors, supportability and consistency are the most important, and the ALJ must explain how those factors were considered. §§ 404.1520c(b)(2); 416.920c(b)(2). Moreover, although an ALJ may discuss how she evaluated the other factors, she is not generally required to do so. *Id*. If, however, an ALJ "find[s] that two or more medical opinions . . . about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [the ALJ must] articulate how [he or she] considered the other most persuasive factors . . . . . " §§ 404.1520c(b)(3); 416.920c(b)(3).

In the view of this Court, the ALJ failed to properly evaluate Dr. Evans' opinion that Plaintiff's "dealing with stress and pressures by usually flipping out, crying, and hollering coupled with her mental health symptomatology and decreased motivation makes it unlikely that she would always be able to deal with stress and pressures effectively." R. 514. The ALJ found that Dr. Evans' opinions were "persuasive" because they were "consistent with and supported by the evidentiary record in totality," R. 56, yet found, without explanation for the apparent inconsistency, that Dr. Scott's opinions—whose opinion relating to stress was similar to that of Dr. Evans—was "less persuasive." *Id*. Moreover, Dr. Evans' limitation on Plaintiff's ability to deal with stress was apparently not adopted by the ALJ and was not incorporated into the RFC found by the ALJ. Finally, the ALJ failed to explain why Dr. Evans' opinion on this issue, which

10

the vocational expert appears to have characterized as work preclusive, R. 109, was nevertheless consistent with the RFC found by the ALJ. For all these reasons, then, the Undersigned concludes that the decision of the Acting Commissioner must be reversed, and the matter must be remanded for further consideration of Plaintiff's mental impairments and the effect of those impairments on her ability to engage in work-related activity.

## IV.   CONCLUSION

It is therefore **RECOMMENDED** that the decision of the Commissioner of Social Security be reversed and remanded for further consideration of Plaintiff's mental impairments and RFC, and that final judgment be entered pursuant to Sentence 4 of 42 U.S.C. § 405(g).

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Federation of*

*Teachers, Local 231, etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walter*, 638 F.2d 947 (6th Cir. 1981).


November 3, 2021                              *s/ Norah McCann King*

                                              Norah McCann King
                                              United States Magistrate Judge